UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARON HAIRABEDIAN and IVAN HERNANDEZ, and on behalf of themselves and the general public similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TOYS 'R' US – DELAWARE, INC., a Delaware Corporation, CAROL MILLER, and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 2:16-cv-2326 (WHO)<br><br>**ORDER ON DISCOVERY DISPUTE**<br><br>Re: Dkt. No. 15 |

In accordance with my Standing Order, the parties have submitted a joint statement regarding a discovery dispute concerning plaintiffs' request for production No. 11. Dkt. No. 15. Defendant responded to plaintiffs' initial request with numerous objections, the parties met and conferred, and plaintiffs narrowed the scope of their original request to the following: "(1) all meal and rest break data for the putative class, from September 3, 2014 to the present and (2) all Point of Sale (POS) data for the putative class, from September 3, 2014 to the present." *Id*. at 2. Defendant now contends that this narrower request constitutes a new request, which should be properly served under FRCP 34. It also insists that this new request remains overbroad and implicates privacy concerns. *Id*. at 3–4.

Defendant's procedural objection is meritless. Defendant clearly understands the information plaintiffs seek. The real dispute is over the appropriate scope of the revised request. Because of the potential burden of providing the requested data for all of defendant's approximately 125 stores in California, I will require defendant to provide it for 13 stores that are representative in terms of geography and numbers of employees, including the stores at which the

named plaintiffs' worked. The parties should meet and confer to agree on which stores' data are included in the response. No employee's privacy concerns are implicated by this request, which only seeks employee identification numbers and not names for the data provided.

Accordingly, defendant is ordered to respond to the request using employee identification numbers with (1) meal and rest break data,[1] and (2) point of sale data, for the putative class during the class period, **for 13 representative stores, including the stores where plaintiffs worked**. The information should be produced within thirty days pursuant to the Protective Order. Dkt. No. 14.

**IT IS SO ORDERED**.

Dated: June 20, 2017

_____
WILLIAM H. ORRICK
United States District Judge

---

[1] If none exists, simply state so in the response.

2